# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of 06/10/06 . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:** Phillip S. Lucero v. Town of Clayton

**Case Number:** 05-01208

### Document Information

**Description:** Order, To Dismiss Adversary Proceeding .

**Received on:** 2006-04-17 14:37:37.000

**Date Filed:** 2006-04-17 00:00:00.000

**Date Entered On Docket:** 2006-04-17 00:00:00.000

### Filer Information

**Submitted By:** James Burke

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date. To confirm that nothing has changed since then, review the docket.**

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
PHILLIP S. LUCERO,
    Debtor.       No. 7-04-11672 SS

PHILLIP S. LUCERO,
    Plaintiff,
v.       Adv. No. 05-1208 S

TOWN OF CLAYTON,
    Defendant.

## ORDER DISMISSING COMPLAINT

This matter came before the Court for a pretrial conference. The parties agreed that no facts were in dispute, and that this case could be resolved through briefs. Having considered the stipulations and the briefs, the Court finds that this case should be dismissed for lack of jurisdiction.

## FACTS

1. Plaintiff (Debtor) filed a voluntary chapter 7 proceeding on March 9, 2004 and received a discharge on June 21, 2004 at which time the case was closed.
2. Debtor's statement of intention stated that he intended to surrender two parcels of real estate in Clayton, New Mexico.
3. The chapter 7 trustee abandoned all assets at the conclusion of the section 341 meeting on April 16, 2004.
4. The secured creditor has not foreclosed on the property Debtor intended to surrender.

5.  In July, 2005, Debtor incurred indebtedness to the Town of Clayton due to his failure to keep the Clayton property free of weeds as required by town ordinance.

6.  Debtor seeks a declaratory judgment that his liability to the Town of Clayton was a pre-petition debt and therefore discharged.

**CONCLUSIONS OF LAW**

1.  The debt in question is a post-petition debt. It is based on actions that occurred in 2005. See Dixon v. United States (In re Dixon), 210 B.R. 610, 612 (Bankr. W.D. Ok. 1997), aff'd, 218 B.R. 150 (10th Cir. BAP 1998).

2.  The bankruptcy court lost jurisdiction over the property and disputes about the property when it was abandoned from the estate. Gardner v. United States (In re Gardner), 913 F.2d 1515, 1518 (10th Cir. 1990). Also, when the property was abandoned, "the property stands as if no bankruptcy had been filed and the debtor enjoys the same claim to it and interest in it as he held previous to the filing of bankruptcy." In re Cruseturner, 8 B.R. 581, 591 (Bankr. D. Utah 1981).

3.  The Town of Clayton's actions against the Debtor do not arise in or arise under the Bankruptcy Code.

Case 05-01208-s    Doc 18    Filed 04/17/06    Entered 04/17/06 15:45:00 Page 3 of 4

4. The outcome of Debtor's dispute with the Town of Clayton has no relationship to the bankruptcy estate because it revolves around a post-petition debt.

5. The Bankruptcy Court has no jurisdiction over this dispute between the Town of Clayton and Debtor.

THEREFORE, IT IS ORDERED that this case is dismissed without prejudice for lack of Bankruptcy Court jurisdiction.

_/s/ James S. Starzynski_
Honorable James S. Starzynski
United States Bankruptcy Judge

I hereby certify that on April 17, 2006, a true and correct copy of the foregoing was electronically transmitted, faxed, delivered, or mailed to the listed counsel and/or parties.

Robert O Beck
PO Box 572
Clayton, NM 88415-0572

Michael K Daniels
PO Box 1640
Albuquerque, NM 87103-1640

_James E. Burke_

Case 05-01208-s    Doc 18    Filed 04/17/06    Entered 04/17/06 15:45:00 Page 4 of 4